## BERTHA ADKINS *v.* JABEZ LEE

SUPERIOR COURT          MIDDLESEX COUNTY          FILE No. 13787

Memorandum filed February 23, 1961

*G. Randolph Erskine,* of Wallingford, for the plaintiff.

*Walter P. Staniszewski,* of Middletown, for the defendant.

MACDONALD, J.   Plaintiff, formerly the defendant's wife, claims an interest in certain land and buildings owned by defendant arising out of contributions of moneys and labor allegedly made by her between the date of their marriage in 1931 and their separation in 1952, the basis for such claim being founded upon the theory of either (1) a resulting trust, (2) a joint venture, or (3) quantum meruit.

With respect to the resulting trust theory, our law is quite clear that a purchase of property in the name of the husband by money supplied by the wife raises a rebuttable presumption of a gift by the

wife to the husband. *Wilson* v. *Warner,* 89 Conn. 243; *Franke* v. *Franke,* 140 Conn. 133. The evidence in this case of any contrary intent falls far short of rebutting the presumption of a gift to defendant of any money invested in the property, either land or improvements, by plaintiff, and there can be found no resulting trust.

Plaintiff's strongest claim is that based upon joint venture under the decision in *Dolan* v. *Dolan,* 107 Conn. 342, where our Supreme Court, after finding that the presumption of a gift above referred to had been rebutted by the circumstances shown to have existed, and without finding a resulting trust, did hold that the legal relationship between husband and wife was that species of informal partnership known as a joint adventure, which can arise where several persons combine their property, money, efforts, skill or knowledge in some common undertaking other than a general business enterprise. Plaintiff's counsel, in his brief, has pointed out many similarities between the facts of that case and those existing here in that both involved a jointly operated chicken and egg business, a pooling of earnings and a home purchased in the name of one alone, and plaintiff's counsel, during the trial, made every possible effort to produce evidence that would create the factual circumstances which gave rise to the decision in the *Dolan* case, in which the court stated (p. 349): "Here was a joint fund in the hands of the defendant wife, placed there with the mutual understanding that she was to handle it for their mutual advantage, the first requirement being that she pay the family obligations, and there was no express understanding or agreement beyond this. In a joint adventure it is not necessary that there be an express agreement, for the conduct of the parties and other circumstances will often justify the inference that such an agreement existed;

and the contract is not avoided for indefiniteness because the minor details are not fully established."

Since there was no evidence here of an express agreement between the parties, the principal question to be determined is as to whether the "conduct of the parties and other circumstances will . . . justify the inference that such an agreement existed"—the burden of proof, of course, being upon the plaintiff to produce evidence of such conduct and circumstances. It does not appear that the plaintiff has sustained this burden, for although there is an abundance of evidence, uncontroverted by defendant, that plaintiff worked faithfully and diligently during many of their years together to improve the property and help with the chicken business, plaintiff admitted frankly that she did so because she loved her husband; that there was no agreement between them but that she did feel that she would eventually get one-half of the property because she was defendant's wife. Even weighing this testimony in a light most favorable to plaintiff, it fails to establish that "conduct of the parties and other circumstances" that justify the inference that any agreement of the type claimed by plaintiff existed. In the *Dolan* case, supra, there was evidence that the defendant wife opened a savings account into which, over a long period of years, both plaintiff and defendant deposited their earnings, with a definite record of an initial deposit of $500 of plaintiff's money in 1912 and subsequent annual deposits by defendant ranging from $30 in 1913 to $1150 in 1926; that plaintiff husband was always fully aware of the fact that his wife deposited in this account the surplus of their joint earnings after paying household expenses; that the total of this account in 1926 was $5400, with which a home was purchased in the name of the defendant wife by agreement of the parties.

4

In the instant case, there is no evidence of any joint fund of any type until 1936, after the land had been purchased and the house built thereon; there is no clear evidence of any savings account, joint or otherwise; there is no evidence that plaintiff and defendant recognized the money placed in the kitchen drawer as common funds or, indeed, that defendant even knew that any money was placed there except cash from the sale of chickens and eggs. The blueprint of joint venture, so clearly outlined in businesslike terms in the *Dolan* case, supra, fades here into a more typical picture of domestic cooperation—a husband and wife, then very much in love, working together to improve their home and living conditions.

By the same token, there is no basis for recovery of the value of plaintiff's services on a quantum meruit theory. The authorities collected in 26 American Jurisprudence at page 736 are there summarized as pointing out that "[w]here a wife voluntarily makes improvements on her husband's lands, there is no implied obligation on his part to reimburse her therefor; at least, a wife who, chiefly for her own gratification and convenience, makes improvements on her husband's estate, supposing that such estate will be a home for herself and her children, cannot recover compensation for such improvements." The evidence of the amount and type of work performed by plaintiff over the years, although certainly indicating that she was a helpful and hardworking wife, fails to indicate with any reasonable degree of accuracy the value of her services.

The issues are found for the defendant, and judgment may enter in his favor together with his taxable costs.