WALTER L. RUDEWICZ *v.* MARION F. GAGNE ET AL.
(8450)

BORDEN, FOTI and LAVERY, Js.

Argued February 27—decision released July 10, 1990

*Laurence P. Rubinow,* with whom, on the brief, was *Elliot G. Macht,* for the appellant (plaintiff).

*Noah H. Starkey,* for the appellees (defendants).

FOTI, J. The plaintiff commenced this action in a two count complaint. In the first count, the plaintiff claimed to have an easement over a discontinued public highway and alleged that the defendants had obstructed the discontinued road, thus depriving him of his easement rights. In the second count, the plaintiff alleged that he had aquired legal right and title to the discontinued highway by adverse possession. The plaintiff and the defendants filed motions for summary judgment on the plaintiff's complaint.[1] The court granted the defendants' motion for summary judgment as to the first count[2] and denied the plaintiff's motion. The plaintiff withdrew his action as to the second count of the complaint and filed this appeal. The plaintiff claims that the court incorrectly interpreted General Statutes § 13a-55.[3] We affirm the trial court's judgment.

"Summary judgment is a method of resolving litigation when 'the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384." *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 316–17, 477 A.2d 1005 (1984). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Id. "The court must view the evidence in the light most favor-

---

[1] The motions for summary judgment were presented to the court with the parties' agreement that there was no genuine issue of material fact.

[2] At the time that summary judgment was rendered, the pleadings had not been closed. The defendants filed a special defense to the first count on January 3, 1990. No reply was filed to that pleading.

Prior to oral argument in this court, the defendants withdrew their special defense, and the parties agreed that the pleadings were closed and further stipulated that no future claim would be raised in this regard.

[3] It was conceded by the plaintiff during oral argument in this court that a second issue, dealing with the court's finding that the plaintiff's land was not landlocked, was not properly before this court. Neither easement by necessity nor adverse possession is an issue herein.

able to the nonmovant." *Nolan* v. *Borkowski,* 206 Conn. 495, 500, 538 A.2d 1031 (1988).

The underlying facts are essentially undisputed. On October 3, 1910, the town of Ashford discontinued a public highway. The discontinued highway runs across the northern border of a tract of land owned by the plaintiff and continues to run through land owned by the defendants.[4] The plaintiff claims that the defendants have wrongfully obstructed his access to this discontinued highway since August, 1986. He further contends that the discontinued roadway provides his only means of ingress and egress to Horse Hill Road, the nearest and most accessible highway to his property. In light of these circumstances, the plaintiff asserts that he has an easement across the discontinued roadway in accordance with General Statutes § 13a-55.

Section 13a-55 provides that "[p]roperty owners bounding a discontinued or abandoned highway, or a highway any portion of which has been discontinued or abandoned, shall have a right-of-way over such discontinued or abandoned highway to the nearest or most accessible highway, provided such right-of-way has not been acquired in conjunction with a limited access highway." Section 13a-55 was originally enacted in 1959. The dispositive issue in this case is whether § 13a-55 should be applied retroactively. The trial court, in a well reasoned memorandum of decision, concluded that § 13a-55 affects substantive rather than procedural rights and therefore should be applied prospectively. We agree.

Our Supreme Court has consistently held that there is a general presumption that legislation is intended to operate prospectively, and has repeatedly expressed

---

[4] The defendant Marion F. Gagne owns land north of the discontinued highway, and the defendants Georgiana F. Gagne, Joseph E. Gagne and Linda G. Gagne own land south of said highway.

a reluctance to give retroactive application to statutes. *Enfield Federal Savings & Loan Assn.* v. *Bissell,* 184 Conn. 569, 571, 440 A.2d 220 (1981); *East Village Associates, Inc.* v. *Monroe,* 173 Conn. 328, 331–32, 377 A.2d 1092 (1977). A new provision of the General Statutes, imposing a new obligation on any person or corporation, is construed to have prospective effect; General Statutes § 55-3; unless the legislature clearly and unequivocally intended otherwise. *State* v. *Lizotte,* 200 Conn. 734, 741, 517 A.2d 610 (1986); *State* v. *Paradise,* 189 Conn. 346, 350–51, 456 A.2d 305 (1983); *Hunter* v. *Hunter,* 177 Conn. 327, 331, 416 A.2d 1201 (1979); *American Masons' Supply Co.* v. *F. W. Brown Co.,* 174 Conn. 219, 222–23, 384 A.2d 378 (1978).

Statutes are applied retroactively in a very narrow category of cases. Retroactive application is the rule for amending statutes that are procedural in their impact. *Enfield Federal Savings & Loan Assn.* v. *Bissell,* supra. An act that has been passed to clarify an existing statute, that is, one that was passed shortly after controversies arose as to the judicial interpretation of the original act, is also to be applied retroactively. *Darak* v. *Darak,* 210 Conn. 462, 473, 556 A.2d 145 (1989). All other statutes are applied prospectively unless the legislature expressly specifies the contrary. *State* v. *Lizotte,* supra; *Sherry H.* v. *Probate Court,* 177 Conn. 93, 411 A.2d 931 (1979).

Before the enactment of § 13a-55, discontinuance of a public highway extinguished both the public easement of travel and the private easement of access along the former road. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 355–56, 114 A.2d 216 (1955). In 1959, the legislature enacted this section and thus altered the rule of law. Since this 1959 enactment, a town's discontinuance of a road extinguishes the public easement but a neighboring property owner's private easment to the nearest or most

accessible highway survives. *Luf* v. *Southbury,* 188 Conn. 336, 344, 449 A.2d 1001 (1982).

The evidence supporting the fact that § 13a-55 can be applied only prospectively is overwhelming. Clearly, § 13a-55 was a new provision that imposed a new obligation on landowners whose property abutted a discontinued road. Further, the impact of the statute is substantive rather than procedural. Finally, the statute was not enacted to clarify an existing statute. Consequently, we must apply the common law as it existed in 1910, when the road was discontinued.

As noted above, until 1959, title to all land to the middle of the discontinued highway reverted back to, and vested in, each abutting property owner whose land it crossed. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* supra, 356; *Fuller* v. *Planning & Zoning Commission,* 21 Conn. App. 340, 345 n.6, 573 A.2d 1222 (1990). Neighboring property owners had no right-of-way over the former road because once it was discontinued it was considered private property to which no automatic easement attached.

The plaintiff argues that a plain language reading of § 13a-55, as amended in 1985, supports his argument that the statute should apply retroactively. He points out that in 1985 the legislature added language to the statute indicating that property owners bounding any portion of a highway "which *has been* discontinued or abandoned"; (emphasis added) Public Acts 1985, No. 85-227; are entitled to a right-of-way across the discontinued road to reach the nearest, most accessible, highway. The plaintiff specifically focuses on the words "has been discontinued," and argues that this implies a legislative intent to apply the statute retroactively. To support his argument, he cites *Schieffelin & Co.* v. *Department of Liquor Control,* 194 Conn. 165, 479 A.2d 1191 (1984).

The dispositive holding in *Schieffelin & Co.* is that where "a legislative enactment contains language which unequivocally and certainly embraces existing business relationships, there is nothing in [that statute] which would prevent it from . . . operating [retroactively]." Id., 174. In the present case, unlike *Schieffelin & Co.,* the legislative act did not unequivocally embrace existing interests in land or clearly state that the statute was to be applied retroactively. In the absence of such language, there is no alternative but for us to apply this statute prospectively.

Although it is arguable that certain remarks on the floor of the Senate chamber in 1985 can be interpreted to imply that the act could apply retroactively,[5] this would necessitate that we ignore the nature of the 1959 act and would thereby lead us to an absurd result. In 1910, the property rights to the discontinued road became vested in the defendants' predecessors in title. A vested right is one that equates to legal or equitable title to the *present or future* enjoyment of property, or to the *present or future* enforcement of a demand, or a legal exception from a demand made by another. *Manchester Environmental Coalition* v. *Stockton,* 184 Conn. 51, 71, 441 A.2d 68 (1981). An enactment cannot be applied retroactively where a vested right intervenes. Id.; see also *C.S.E.A., Inc.* v. *Connecticut Personnel Policy Board,* 165 Conn. 448, 454–55, 334 A.2d 909 (1973). We cannot now declare that the defendants'

---

[5] These remarks were as follows: "Passage of this bill would allow the owner of a property which is near but does not directly abut a discontinued or abandoned highway the right of way over such discontinued or abandoned highway to the nearest or most accessible highway. Currently, this right of way is given only to property owners which directly abut the discontinued highway. This bill is aimed at relief for those property owners who now have to travel an inordinate number of miles out of their way to reach their property. Mr. President, if there's no objection, I move this to the consent calendar." 28 S. Proc., Pt. 7, 1985 Sess., pps. 2194–95, remarks of Senator Michael L. Morano.

property rights were invalidated by a statute that was passed nearly fifty years after those rights had vested.

We conclude that the trial court correctly refused to apply § 13a-55 retroactively, and that it properly granted the defendants' motion for summary judgment.

This judgment is affirmed.

In this opinion the other judges concurred.