[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Shawmut Bank, has brought this action to collect on a promissory note executed by the defendants Valley Farms, Maple Shade Farms, Starr Farms, and REM Rental and guaranteed by the defendants Benedict Moser, James Moser, and Roger Moser. (For purposes of this motion all the above named people and entities will hereinafter be referred to as the defendants.). The note is alleged to be in default. The defendants have, by way of an Answer and Special Defense, raised five special defenses and also filed a two count counterclaim. Plaintiff has moved to strike all special defenses and counterclaims.
In the first special defense the defendants claim that the plaintiff breached its duty of good faith and fair dealing to the defendants in regards to its handling of certain collateral on which the promissory note is secured. In the second special defense the defendants claim that the plaintiff has neglected the collateral and is attempting double recovery. In the third special defense the defendants claim that the plaintiff has violated General Statutes Section 36-5a. In the fourth special defense the defendants claim that plaintiff breached its duty of good faith and fair CT Page 8312 dealing with the defendants by not explaining that the collateral used to secure the note was exempt by statute. The fifth special defense is based on CUTPA violations. The first count of the counterclaim is also based on an alleged violation of General Statutes Section 36-5a and the second count is a CUTPA count based on the alleged violation of said statute.
Pursuant to Practice Book Section 152, the plaintiff has filed a motion to strike all five of the defendants special defenses and both counts of the counterclaim. Pursuant to Practice Book Section 155, the plaintiff has filed a memorandum of law in support of the motion to strike. The defendants have failed to file any response in opposition to the motion to strike.
The plaintiff has moved to strike the first and second special defenses on the ground that the defendants have stated legal conclusions and have not pled the underlying facts. The plaintiff has moved to strike the third special defense on the ground that it is contrary to Connecticut General Statutes Section 36-5a. The plaintiff has moved to strike the fourth special defense on the ground that under General Statutes Section 52-352b, the plaintiff does not have a duty to inform the defendants that some or all of the collateral upon which the note is secured is exempt from replevin. The plaintiff has moved to strike the fifth special defense on two grounds. The first ground is that the defendants have pled mere legal conclusion and have not pled sufficient facts upon which to base their special defense. The second ground is that CUTPA is a remedial statute that provides for affirmative relief and is not a proper special defense.
The plaintiff has moved to strike count one of the defendants' counterclaim on the ground that it is contrary to General Statutes Section 36-5a. The plaintiff has moved to strike the second count of the counterclaim on three grounds. The first ground is that General Statutes Section 36-5a does not apply to the facts of this case and therefore cannot be the basis for a CUTPA claim. The second ground is that the defendants have failed to plead sufficient facts to state a cause of action under CUTPA. The third ground is that even if the defendant had pled sufficient facts CUTPA does not apply to banks and therefore the second count should be stricken.
DISCUSSION
The motion to strike is the proper vehicle to test the CT Page 8313 legal sufficiency of a counterclaim and special defenses. Practice Book Section 152(2) and (5). See also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (1983). "The motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinion stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 369 (1985). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegation would support a defense or cause of action the motion to strike must fail." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
Previously, the failure to timely file a memorandum of law in opposition to the motion to strike was deemed consent to the granting of the motion. See Practice Book Section 155, as amended in 1983. However, Practice Book Section 155 has been amended, and the failure of a party to timely file a memorandum of law in opposition to the motion to strike is no longer deemed consent to the granting of the motion to strike. Southport Manor Convalescent Center, Inc., v. Foley,216 Conn. 11, n. l, 578 A.2d 646 (1990). Therefore, the failure of the defendants to file a memorandum of law in opposition to the motion to strike should not be considered consent to the granting of the motion to strike. The Court will address the merits of the plaintiff's motion.
I. Special Defenses One and Two
The plaintiff has moved to strike counts one and two of the defendants special defenses claiming that they state mere conclusions of law in contravention of Practice Book Sections 108 and 164.
Practice Book Section 164 states in pertinent part that:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
Practice Book Section 164. Practice Book Section 108 states:
 Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the CT Page 8314 evidence by which they are to be proved. . . If any such pleading does not fully disclose the ground of claim or defense, the court may order a fuller and more particular statement. . .
Practice Book Section 108.
The defendants have pled as follows in their first special defense:
 The plaintiff breached the obligation of good faith and fair dealing in regard to the handling of its relationship with the defendants and disposition of collateral which secures the plaintiff's obligation and negotiations in regard thereto.
Defendants' First Special Defense.
The defendants have pled as follows in their second special defense:
 The plaintiff has extensive collateral securing its loan, but has failed and neglected to credit said collateral over which it claims rights of ownership and rights of possession and in effect seeks to recover twice for the alleged obligations.
Defendants' Second Special Defense.
"In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense. The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must flow from the subordinate facts provided." Citations omitted.) County Federal Savings Loan Association v. Eastern Associates, 3 Conn. App. 582, 585-86,491 A.2d 401 (1985).
In the defendants' first special defense the defendants have pled conclusions of law without pleading the subordinate facts. In the first special defense the defendants claim that the plaintiff has breached the obligation of good faith and fair dealing in handling of the collateral and the relationship with the defendants. The defendants have pled no facts on which to base this claim and in accordance with Practice Book Section 164 the defendants cannot rely on their CT Page 8315 general denial to establish the facts of the defense. Therefore, the plaintiff's motion to strike the defendants' first special defense is granted.
In the defendants' second special defense, the defendants claim that plaintiff has failed to credit the defendants account for collateral securing the note and is therefore attempting to collect twice for the same debt. The defendants' claim is that the plaintiff is attempting to collect twice for the debt. The facts that they assert to support this position are that the plaintiff has collateral sufficient to secure the defendants obligations. The defendants have pled subordinate facts to support the legal conclusions and therefore, the plaintiff's motion to strike the defendants' second special defense is denied.
II. Third Special Defense
The defendants third special defense is based on General Statutes Section 36-5a. The defendants claim that the plaintiff was a foreign banking institution doing business in Connecticut in contravention of General Statutes Section 36-5a and therefore they are entitled to a setoff or credit for moneys paid to the plaintiff while it was operating in violation of said statute. The plaintiff has moved to strike the third special defense on the ground that the legislature amended the version of the statute relied upon by the defendants in their special defense which amendment would not bar the plaintiff's action.
Prior to May 31, 1991, General Statutes Section 36-5a prohibited a foreign banking institution from transacting business in this state unless special authorization was obtained. One of the penalties imposed on a foreign bank doing business in Connecticut in contravention of General Statutes Section 36-5a, was that it could not maintain an action in a Connecticut court. (General Statutes Section 36-5a, prior to its amendment in 1991.) In 1991, the legislature amended General Statute Section 36-5a to eliminate the penalties. The effective date of the statute, as amended, is May 31, 1991.
The plaintiff argues that the version of the statute that should be applied is the version as amended in 1991 and thus the penalties should not be imposed. The defendants, in their special defense state "[w]hile recently the legislature has sought to modify the application of that Section [General Statute Section 36-5a], the defendants are due, by creditor set-off, all amounts paid to the plaintiff while it violated the laws of the State of Connecticut and engaged in unlawful CT Page 8316 banking activities." The defendants argument in their special defense is that General Statutes Section 36-5a should not be given retroactive effect.
"Our Supreme Court has consistently held that there is a general presumption that legislation is intended to operate prospectively, and has repeatedly expressed a reluctance to give retroactive application to statutes. A new provision of the General Statutes, imposing a new obligation on any person or corporation, is construed to have prospective effect; General Statutes Section 55-3; unless the legislature clearly and unequivocally intended otherwise." Rudewicz v. Gagne,22 Conn. App. 285, 287-88, 582 A.2d 463 (1990). Therefore, the presumption would be in favor of the defendants' position.
However, General Statutes Section 36-5a(e)(2) states:
 The provisions of subsection (a) and (d) of section 33-412 shall not be applicable to any foreign banking corporation by reason of is maintenance of an office or its transaction of business in this state in violation of this section before May 31, 1991, provided nothing in this subdivision shall be construed to affect any action pending on May 31, 1991.
(Emphasis added.) The language of General Statutes Section 36-5a calls for retroactive application for all actions except those pending on or before May 31, 1991. A review of the legislative history of General Statutes Section 36-5a buttresses this position and reveals that the reason that the penalty provisions were deleted in the 1991 amendments was because other provisions of the Connecticut General Statutes would form the basis of such penalties. 34 H.R. Proc., Pt. 6, 1991 Sess., pp. 2203-2208.
The plaintiff's complaint was received by the clerk's office and stamped on November 18, 1991, with a return date of December 10, 1991. The effective date of General Statutes Section 36-5a was May 31, 1991, some five months prior to the start of this action. The amended version of General Statutes Section 36-5a is applicable to the facts of this case. Therefore, the plaintiff's motion to strike the defendants' second special defense is granted.
III. Fourth Special Defense
The defendants' fourth special defense is based on General Statutes Section 52-352b(b). General Statutes Section 52-352b sets forth a list of items exempt from CT Page 8317 replevin and reads in part:
 The following property of any natural person shall be exempt: . . .
 (b) Tools, books, instruments and farm animals which are necessary to the exemptioner in the course of his or her occupation or profession.
(Emphasis added.) General Statutes Section 52-352b(b). The defendants claim that the property sought to be replevied by the plaintiff falls within General Statutes Section52-352b(b) and therefore are exempt. The defendants further claim that the plaintiff had a duty to advise the defendants that the items sought to be replevied fell within the exemptions but failed to do so thus breaching the implied covenant of good faith and fair dealing. The plaintiff claims that there was no duty to inform the defendants that the property sought to be replevied was exempt and therefore the fourth special defense should be stricken.
This question was answered by our supreme court in the case of Shawmut Bank, N.A. v. Valley Farms, 222 Conn. 361, ___ A.2d ___ (1992) (hereinafter "Shawmut II"). [This case is the companion case to the case at bar in which the plaintiff is seeking to replevy the collateral instead of foreclosing on the note. The parties are essentially the same in both actions with the exception of the guarantors who were not parties to Shawmut II.] In Shawmut II, supra, the defendants made a similar claim which the trial court rejected and which was affirmed on appeal to the Connecticut Supreme Court. Shawmut II, supra, 365. The supreme court held that General Statutes Section 52-352b (b) did not apply to the facts of this situation because it was only applicable to natural persons, which the court defined as "human beings." The court went on to hold that the defendants, as partnerships, did not come within the definition of persons and therefore the exemptions did not apply. Shawmut II, supra, 367.
The court's decision in Shawmut II, supra, is dispositive of the issue. The court held in Shawmut II, supra, that General Statutes Section 52-352b(b) did not apply to the partnerships in question. The owners of he collateral, in this case, are the partnerships and not the individually named guarantors. Therefore, the fourth special defense could only apply to the defendant partnerships. In accordance with Shawmut II, supra, the plaintiff's motion to strike the defendants' fourth special defense is granted.
CT Page 8318 IV. Fifth Special Defense
The defendants fifth special defense claims that the plaintiff's violation of General Statutes Section 36-5a, constitutes a violation of the Connecticut Unfair Trade Practice Act. The plaintiff has moved to strike the fifth special defense on the ground that CUTPA is not properly raised as a defense. "CUTPA is a remedial statute that gives rise to a cause of action and is not properly raised as a special defense." (Citation omitted.) Connecticut National Bank v. Alliance Petroleum, Inc., 6 Conn. L. Rptr. 529, 530 (June 9, 1992, Hennessey, J.). The plaintiff's motion to strike the defendants' fifth special defense is granted.
V. Counterclaim
The first count of the defendants' counterclaim is based on the plaintiff's alleged violation of General Statutes Section 36-5a. The plaintiff has moved to strike the first count for the same reason that it sought to strike the defendants third special defense. The defendants are making the same claim in the first count of the counterclaim as they were in their third special defense. Therefore, for the reasons set forth under the discussion of the third special defense, the plaintiff's motion to strike the first count of the counterclaim is granted.
In the second count of the defendants' counterclaim the defendants incorporate the first count of the counterclaim and add a CUTPA claim based on the violation of General Statutes Section 36-5a. The plaintiff has moved to strike the second count of the counterclaim on three grounds. The first ground is that the CUTPA violation is based on a violation of General Statutes Section 36-5a which is not a legally cognizable counterclaim based on the facts of this case. The second ground is that the defendants have failed to allege sufficient facts to support the claim that the plaintiff has violated CUTPA. The third ground is that CUTPA does not apply to banks.
The second count of the counterclaim can be dealt with on the first of the plaintiff's arguments; therefore, the other two arguments need not be addressed. As previously discussed, General Statutes Section 36-5a does not support a cause of action under the facts of this case. (See the discussion under the section entitled "II. Third Special Defense".) There can be no cause of action for a violation of General Statutes Section 36-5a under the facts of this case, there can be no violation of CUTPA based on the alleged violation of the statute. The plaintiff's motion to strike CT Page 8319 the defendants' second count of the counterclaim is granted.
ORDERED
The plaintiff's motion to strike the defendants' first, third, fourth, and fifth special defenses is granted. The plaintiff's motion to strike the first and second counts of the defendants' counterclaim is granted. The plaintiff's motion to strike the defendants' second special defense is denied.
BY THE COURT,
Hon. Robert F. McWeeny Superior Court Judge