[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks summary judgment as to the third count of its amended complaint, in which it alleges that defendant Carol Charbonneau has defaulted on a note that she executed on or about August 13, 1990. The first and second counts of the complaint are brought against both Carol Charbonneau and her husband, Paul Charbonneau. In those counts the plaintiff alleges that both defendants are in default as to a later note, which the plaintiff alleges they both executed on or about February 11, 1991.
The claims against Paul Charbonneau are subject to a stay during the pendency of a bankruptcy petition.
Defendant Carol Charbonneau (hereinafter "defendant") has filed special defenses in which she alleges that the 1990 note alleged in Count Three does not bear her signature and that the plaintiff knew that the note referred to in Count Three "contained a fraudulent signature purporting to be that of the defendant Carol Charbonneau but nevertheless accepted said note as a repayment of a prior note." CT Page 2147
It is likely that the reference in the special defense to Count Three is a mistake, as the defendant has acknowledged that she had signed a note with her husband in May of 1990 (Deposition Tr. p. 6-7) but that she had not signed the note dated February 11, 1991. (Deposition Tr. p. 16). At oral argument on the motion for summary judgment, the defendant took the position that she had not signed the later note, and that the earlier note, which is in fact the subject of the claim in the Third Count of the amended complaint, is unenforceable because that loan was satisfied by the subsequent note to which the defendant was not a party but on which her allegedly forged signature appears.
Under these circumstances the court will construe the plaintiff's special defense as referring to the claims made on the basis of the later note, not to the 1990 note that is the subject of Count Three.
Summary judgment may be entered when the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; Honan v. Greene,37 Conn. App. 137, 140 (1994); Rudewicz v. Gagne, 22 Conn. App. 285, 286
(1990). The movant bears the burden of establishing the non-existence of any material fact; Water Way Properties v. Colt'sMfg. Co., 230 Conn. 660, 664 (1994); and the trial court must view the evidence before it in the light most favorable to the nonmoving party. Scrapchansky v. Plainfield, 226 Conn. 446, 450 (1993).
In support of its motion, the plaintiff has filed a set of requests for admissions to which the defendant made no response.
The plaintiff asked the defendant to admit
1. The execution by her of Exhibit B [the 1990 note];
2. That she had made no payments on that note;
3. That the note is in default.
Because the defendant has not filed any response within the time allowed, each of the above statements is deemed admitted by operation of Practice Book § 239.
The defendant takes the position that despite her admissions CT Page 2148 with regard to the earlier note, the plaintiff is not entitled to judgment under the applicable law. The defendant contends that the obligation set forth in the August 13, 1990 note was satisfied or cancelled by the February 11, 1991 note, which she denies having signed. She takes the position that her obligation under the earlier note was extinguished when the plaintiff accepted the la later note and that the plaintiff may not now recover against her as to the earlier note but that its recovery is limited to the signers of the later note.
The August 13, 1990 note has not been shown to have been marked "cancelled" or "paid", or surrendered to its makers, nor has the plaintiff been shown to have agreed not to enforce that note. See General Statutes § 42a-3-601; Guaranty Bank Trust Co. v.Dowling, 46 Conn. App. 376 (1985). The February 11, 1991 note contains no reference to the existence of the earlier note, nor has the defendant presented any other document or affidavit indicating the intention of the parties with regard to the status of the earlier note. Indeed, the face of the document does not even support the defendant's position that the later note is a refinance of the earlier one rather than an entirely new and separate obligation. The defendant has simply not filed any affidavit or submitted any other documents in support of her claim that the later note was related to the earlier one or that the plaintiff accepted the later note in satisfaction of the earlier one.
The mere presence of an alleged adverse claim or defense is not sufficient to defeat a motion for summary judgment; Farrell vFarrell, 182 Conn. 34, 39 (1980). The party opposing the motion "must recite specific facts . . . which contradict those stated in the [movant's] affidavits and documents;" Id. 39, 40; Bassin v.Stamford, 26 Conn. App. 534 (1992); Cummings and Lockwood v. Gray,26 Conn. App. 293 (1991).
This court cannot treat a characterization made in a pleading as demonstrating a factual dispute pursuant to Practice Book § 384.
The admissions submitted by the plaintiff establish the elements of proof necessary to entitle the plaintiff to judgment on the claim made in the third count of its complaint.
Judgment as to liability only shall enter in favor of the plaintiff as to the third count of the complaint. The plaintiff may claim the matter for a hearing in damages as to that count. CT Page 2149
Beverly J. Hodgson Judge of the Superior Court