[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 11651
The plaintiff, Coldwell Banker/Deming Luscomb (Coldwell) here sues the defendants, Robert J. Ward (Ward) and Robert J. Lombardi (Lombardi) to recover a real estate commission allegedly due Coldwell from the sale of real property.
The plaintiff alleges the following. The plaintiff is a licensed real estate broker in Connecticut and in Naugatuck. On March 9, 1990, the plaintiff entered an "Exclusive Right to Sell" listing agreement with the defendants. The duration of this agreement was extended three times by execution of three separate "change authorizations." The last of these "change authorizations" extended the term of the listing agreement to August 10, 1991. The listing agreement provided that the plaintiff would receive ten percent of the property's sales price if the plaintiff, the defendants, or anyone else found a buyer, who was ready, willing, and able to purchase the subject property. Prior to the expiration of the listing agreement, the defendants discovered a purchaser who was ready, willing, and able to purchase the property. Thereafter, the property was sold for $600,000 to one of the parties who became interested in the property prior to the expiration of the listing agreement.
In the first count of the complaint, the plaintiff claims that the defendants owe it commission pursuant to the terms of the listing agreement. In the second count, directed against Ward only, the plaintiff alleges that Ward may have misrepresented the circumstances to the plaintiff in that "the signature of Robert J. Lombardi may have been signed by Robert J. Ward without the knowledge or consent of the plaintiff." The plaintiff alleges that Ward's misrepresentation is material because Ward is now maintaining that the listing agreement is invalid because it was not signed by both owners of the property. In the third count, addressed to both Ward and Lombardi, the plaintiff alleges that the defendants misrepresented to the plaintiff that they found a buyer for the property after the expiration of the listing agreement, and alleges that the plaintiff was damaged as a result.
The defendants have filed a motion to strike all counts and the prayer for relief seeking punitive damages.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state CT Page 11652 a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). "Its function . . . is to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 545, 427 A.2d 822 (1980). The motion admits all legal facts but not conclusions of law. Verdon v.Transamerica Ins. Co., 187 Conn. 363, 365, 446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 135, 492 A.2d 545
(1985).
"In considering the ruling upon the motion to strike, [the court is] limited to the facts alleged in the complaint, King v.Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co.v Simsbury Volunteer Fire Co., supra, 179 Conn. 545. The court must construe the facts in the complaint in the light most favorable to the plaintiff. Novametrix Medical Systems v. BOCGroup, Inc., supra, 224 Conn. 216. The only question is whether the plaintiff's allegations state a cause of action. Babych v.McRae, 41 Conn. Sup. 280, 282 (1989, Schaller, J.). A party may also utilize a motion to strike to test the legal sufficiency of a prayer for relief. Central New Haven Development Corp. v.Potpourri, Inc., 39 Conn. Sup. 132, 133, 471 A.2d 681 (Superior Court, 1983).
In support of their motion to strike, the defendants allege four grounds. They argue that all counts should be stricken because the plaintiff's listing agreement is deficient and does not meet the requirements of General Statutes § 20-325a. The defendants argue that the agreement is deficient in that the address of the broker is not properly described, dates on which the agreement was signed are omitted, the date when the listing agent executed the agreement is omitted, and two of the change authorizations do not include the proper dates.
The defendants also assert that the third count should be stricken because the plaintiff has made inconsistent allegations in the first and third counts. They note that in the third count, the plaintiff alleged that it relied upon the defendants claim they found a buyer after the agreement had expired, and alleged in the first count it became aware of a potential buyer before the agreement expired. Additionally, the defendants CT Page 11653 claim that the plaintiff has failed to allege any connection between the misrepresentation and the inability to collect a commission.
The defendants also argue that the second and third counts should be stricken because the three year statute of limitations bars a fraudulent misrepresentation claims.
The defendants also seek to strike the punitive damages portion of the prayer for relief on the ground that the complaint fails to contain allegations sufficient to support such a claim.
1. Requirements of 20-325a — All Counts
The plaintiff contends that a 1994 amendment to General Statutes § 20-235a (c) provides that substantial compliance with the requirements of General Statutes § 20-235a (b) is sufficient for a valid real estate listing agreement applies. The plaintiff argues that that amendment was an attempt to clarify the import of statute which had been interpreted to require strict compliance with the provisions in McCutcheon Burr, Inc.v. Berman, 218 Conn. 512, 590 A.2d 438 (1991).
Public Acts 1994, No. 94-240, changed the standard of review that courts should apply when determining if a listing agreement meets the requirements of General Statutes § 20-325a. P.A. 94-240(c) provides that "[n]othing in subsection (a) of this section or subdivisions (2) to (6), inclusive, of subsection (b) of this section shall prevent any licensee from recovering any commission, compensation or other payment in respect to any acts done or services rendered, if such person has substantially complied with subdivisions (2) to (6), inclusive, of subsection (b) of this section and it would be inequitable to deny such recovery." (Emphasis supplied.) In order to resolve the motion to strike on the first ground submitted, the court must determine whether P.A. 94-240 applies prospectively or retroactively.
"The rules of statutory construction that govern the applicability of new legislation to preexisting transactions are well established. Our point of departure is General Statutes § 55-3, which states: `No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be CT Page 11654 construed to have retrospective effect.' The `obligations' referred to in the statute are those of substantive law. . . . Thus, we have uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . The Legislature only rebuts this presumption when it clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." Rice v. Vermilyn Brown, Inc., 232 Conn. 780, 786, (1995), quoting Darak v. Darak, 210 Conn. 462, 467-68,556 A.2d 145 (1989).
"Our Supreme Court has consistently expressed reluctance to construe statutes retroactively where the statutes [e]ffect substantial changes in the law, unless the legislative intent clearly and unequivocally appears otherwise. . . . The obligations referred to in the statute are those of substantive law; . . . and legislation which limits or increases statutory liability has generally been held to be substantive in nature. We have uniformly interpreted 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only." [Citations omitted; Internal quotation marks omitted.] Anderson v. Schieffer, 35 Conn. App. 31,39, 645 A.2d 549 (1994).
"On the other hand, procedural statutes and rules of practice ordinarily apply retroactively to all actions whether pending or not at the time the statute [or rule] became effective, in the absence of any expressed intent to the contrary. . . . Where an amendment in effect construes and clarifies a prior statute, it must be accepted as the legislative declaration of the meaning of the original act." Andersonv. Schieffer, supra, 22 Conn. App. 289.
"An act that has been passed to clarify an existing statute, that is, one that was passed shortly after controversies arose as to the judicial interpretation of the original act, is also to be applied retroactively." Rudewicz v. Gagne,22 Conn. App. 285, 288, 582 A.2d 463 (1990). "A clarifying act, which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act. . . . Where an amendment is intended to clarify the original intent of an earlier statute, it necessarily has retroactive effect." [Citations omitted; Internal quotation marks omitted.] Board of Education v. FOIC, 210 Conn. 590,594-95, 556 A.2d 592 (1989), overruled on other grounds, Chairman,CT Page 11655Criminal Justice Commission v. F.O.I.C., 217 Conn. 193, 201,585 A.2d 196 (1991).
The legislative history offers some evidence as to why the legislature passed General Statutes § 94-240. Larry Hannifin, Director of the Department of Consumer Protection, Real Estate Division, testified at the joint committee hearings concerning P.A § 94-240, and commented that "the proposed changes expand section 20-325A(b) so that if a broker in a real estate transaction has substantially complied with the provisions of this chapter, or this section, the broker will be permitted to pursue their claims for payment of the license fees in our court system." Conn. Joint Standing Committee Hearings, Insurance and Real Estate, 1994 Sess., p. 91. Additionally, Hannifin noted that the present state of law under General Statutes §20-325A(b) required strict compliance with the provisions of the statute, and that if as much as a date is missing from the contract, the agent is prohibited from receiving its commission. Conn. Joint Standing Committee Hearings, Insurance and Real Estate, 1994 Sess., p. 91. Hannifin testified that this interpretation "has resulted in unjust enrichment to various sellers of properties." Conn. Joint Standing Committee Hearings, Insurance and Real Estate, 1994 Sess., p. 91.
When analyzing legislative history, Connecticut courts generally look to "legislative history in the form of debates that occur on the floor of the House of Representatives or the Senate," however, it is not inappropriate to consider "committee testimony that is particularly probative of legislative purpose." Mahoney v. Lensink, 213 Conn. 548, 559 n. 15,569 A.2d 518 (1990). Hannifin's testimony on P.A. 94-240 is probative to the issue of the legislature's intent in passing P.A. 94-240. Hannifin's testimony tends to show that the intent in passing the bill was to clarify an improper interpretation of the statute.
McCutcheon Burr, Inc. v. Berman, supra, was decided on May 7, 1991. In McCutcheon, the Supreme Court found that General Statutes § 20-325a is mandatory rather than permissive, and that the requirements of § 20-325a are to be strictly construed. Id., p. 520. Public Act 94-240 was approved on June 2, 1994, three years later. Although a period of time elapsed between McCutcheon and the passage of Public Act 94-240, the court holds the legislature was intended to clarify Section20-325a. P.A. 94-240 specifically permits recovery "if such person CT Page 11656 has substantially complied with subdivisions (2) to (6), inclusive, of subsection (b) of this section and it would be inequitable to deny such recovery." This is clearly a change in the law of McCutcheon. When the legislature changes the wording of a statute in order to change the interpretation that the courts have been giving the statute because of an ambiguity in the statute, the amendment is a clarifying statute that should be given retroactive application. Caron v. Inland Wetlands andWater Commission, 222 Conn. 269, 279 (1992).
Since a trier may find the plaintiff's have substantially complied with the requirements of General Statutes § 20-325a, the motion to strike is denied as to the first ground.
2. The Third Count
The court holds the third count should not be stricken on the ground that the first and third counts contain inconsistent allegations. In the first count, the plaintiff alleges that it became aware that the defendants had located "potential" buyers prior to the expiration of the listing agreement. In the third count, the plaintiff alleges that it relied on the defendants' misrepresentations that the eventual buyers were found after the expiration of the listing agreement.
Practice Book § 111 does provide, in part, that "Any allegation or denial made without reasonable cause and found untrue shall subject the party pleading the same to the payment of such reasonable expenses, to be taxed by the court. . ." Practice Book § 111 does not provide for the striking of a count because of inconsistent allegations.
If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp. , 231 Conn. 381,650 A.2d 153 (1994). The court holds the plaintiff has stated a proper claim of misrepresentation in the third count as to the grounds raised in the motion to strike, and accordingly, the motion to strike the third count is denied.
3. Statute of Limitations — Counts Two and Three
The defense of the statute of limitations may not ordinarily be decided by a motion to strike. In Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993), the court observed: CT Page 11657 "`The advantage of the statute of limitations cannot be taken by a [motion to strike]. . . ." Id., quoting O'Connor v.Waterbury, 69 Conn. 206, 210, 37 A. 499 (1897).
Courts may grant a motion to strike on statute of limitations grounds in two circumstances. Forbes v. Ballaro, supra,31 Conn. App. 239-240. The first is when there is agreement by the parties that the complaint sufficiently pleads facts on the question whether the action is barred by the statute of limitations. Id. The second is where a statute gives a new right of action that was unknown at common law, and fixes the time, now expired, in which the right must be enforced. Id.
Neither of these two situations exist in this case, and the motion to strike on the statute of limitations defense is denied.
4. Punitive Damages
"To furnish a basis for recovery of [punitive] damages, the pleadings must allege . . . wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. . . . A wilful and malicious injury is one inflicted intentionally without just cause or excuse." (Citations omitted.) Markey v. Santangelo,195 Conn. 76, 77, 485 A.2d 1305 (1985). "In an action for fraud, the plaintiffs are entitled to punitive damages . . ."DeSantis v. Piccadilly Land Corporation, 3 Conn. App. 310, 315,487 A.2d 1110 (1985).
"Allegations of misrepresentation sufficiently allow the plaintiff to seek punitive damages." Fishman v. L M Development,Inc., 7 Conn. L. Rptr.. 779, 7 CSCR 1118 (1992) (Pickett, J.). Accordingly, the motion to strike the plaintiff's prayer for punitive damages is denied.