[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION ON PLAINTIFFS' MOTION TO STRIKE
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73 (1992). The legislature enacted General Statutes § 52-577p as No. 93-286 of the 1993 Public Acts. Since the legislature did not indicate when this public act was to take effect, the effective date for P.A. 93-286 was October 1, 1993. General Statutes § 2-32. Section 52-577p is substantive in nature, and not procedural, because it creates a new liability for those engaging in equestrian activities that did not exist at the time of its passage. Massa v. Nastri,125 Conn. 144, 148 (1939). Therefore, the statute is applied prospectively, absent any legislative direction to the contrary.Rudewicz v. Gagne, 22 Conn. App. 285, 288 (1990). The legislature did not state that § 52-577p was to be applied retroactively, and, therefore, this statute applies to all causes of actions accruing on or after October 1, 1993. The plaintiffs allege that CT Page 1251 the incident occurred on October 17, 1992. Since § 52-577p
was not in effect at this time, the statute does not apply to the plaintiff's cause of action. Therefore, the defendant's special defense does not plead facts consistent with the plaintiffs' complaint that demonstrate the plaintiffs do not possess a viable cause of action. The motion to strike the fifth special defense is granted.
Freedman, J.