[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs are owners of real property located at 65 CT Page 15054 Beech Hill Road in Goshen, Connecticut. They claim all defendants trespassed on their property unbeknownst to them for the purpose of performing commercial forest practices. They claim the defendants' actions resulted in the cutting of trees and/or shrubbery, the creation of a skid road through the property, excavation, rutting, and/or erosion of the land, harm to wetlands contained therein, costs of repair, and legal fees.
Between November of 1997 and April of 1998, the defendant John E. Haddon III was engaged in a logging operation pursuant to a written contract between Mr. Haddon and Margaret Wood, a nonparty to this action. The plaintiffs claim their property was entered by Haddon and other defendants to get to the landlocked property of Ms. Wood. It is also claimed the defendants Darlene and Thomas Hubbard, whose property is adjacent to the Wood property, together with this defendant, Charles Angelovich, participated in the logging operation.
The plaintiffs have brought one count in trespass, one count under C.G.S. § 52-560 and one count under § 52-564 with regard to damages caused by tree cutting, one count requesting injunctive relief, and one count under the Connecticut Unfair Trade Practices Act (C.G.S. 42-110b et seq.) as against all defendants.
Defendant Angelovich has moved for summary judgment as to all counts. Acknowledging the skidder used by Haddon for these activities was equipment he rented to Haddon with knowledge Haddon intended to log on the Hubbard and Wood properties and further acknowledging he had at a prior point in time been a commercial logger, this defendant argues there is no genuine issue of material fact and he is entitled to summary judgment on all counts because he at no time participated in the conduct of the logging operation, was physically unable to engage in logging under medical orders of his physician following spinal surgery in October of 1997, was not a party to the written agreement between Haddon and Ms. Wood, did not supervise Haddon's use of the skidder, and exercised no control over such use during the time the equipment was in Haddon's possession.
The plaintiffs have objected to this motion and argue it should be denied because Angelovich rented the skidder with knowledge it was to be used in the vicinity of their property, knew each of the other defendants for many years, was aware of the location of the plaintiffs' property vis-a-vis the properties CT Page 15055 of Hubbard and Wood (with which property he was intimately familiar), had a financial interest in the operation since Haddon owed him money for rental of the skidder, and because the skidder was for some period during 1997 stored on property at which Angelovich had lived for a couple of years. Finally, the plaintiff points to this defendant having been in the company of Haddon and Thomas Hubbard at the Hubbard property when, on April 30, 1998, a state trooper arrived to question the other male defendants.
Each party has filed documentation in support of their motions and memoranda of law.
ISSUE:
Whether there exists any genuine issue as to any material fact with regard to the claims advanced as against Charles Angelovich.
LEGAL STANDARD:
Summary judgment is appropriate when the pleading, affidavits, and other proof submitted show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Connecticut Practice Book §17-49; Rudewicz v. Gagne, 22 Conn. App. 285, 286 (1990). The moving party has the burden of establishing the nonexistence of any material fact. Water and Way Properties v. Colt's Mfg. Co.,230 Conn. 660, 664 (1994). A material fact is one that makes a difference in the case result. Harvey v. Boehringer IngelheimCorp., 52 Conn. App. 1, 4 (1999). The trial court must view the evidence in the light most favorable to the non-moving party.Scrapchansky v. Plainfield, 226 Conn. 446, 450 (1993). A party opposing summary judgment must substantiate its adverse claim by showing there is a genuine issue of fact together with the evidence disclosing the existence of that issue. Practice Book §§ 17-45, 17-46; Connell v. Colwell, 214 Conn. 242, 246
(1990). The trial court does not sit as a trier of fact when ruling on a motion for summary judgment. Its function is not to decide issues of material fact but rather to determine whether any such issue exists. Harvey, supra, at 5; Fleet Bank, N.A. v.Galluzzo, 33 Conn. App. 662, 666 (1994).
APPLICATION OF LAW TO FACT:
CT Page 15056
What is not denied is that this defendant knew the co-defendants, knew the property, owned the skidder used in the logging operation, and knew the skidder was to be used to log on the properties of Hubbard and Wood. What is conspicuously absent, however, is any evidence Angelovich was present at the time any of these logging activities was performed, any evidence he at any time entered onto the plaintiffs' property for any purpose, and any evidence he directed Haddon's use of the skidder or supervised the same. He was not a party to the contract between Haddon and Wood. Haddon executed an affidavit denying any participation by this defendant in the enterprise. It is clear from deposition testimony provided that only Haddon and Hubbard were arrested for their alleged illegal activities during the period in question.
The plaintiffs have offered no evidence this defendant at any time made an unprivileged entry onto their land — nor do they assert he did. Instead they argue the lack of his presence is "immaterial." An essential element of the plaintiffs' claim of trespass is an intentional invasion, intrusion or entry onto their property such that it affected their ownership or possessory interest in the land. Abington Limited Partnership v.Talcott Mountain Science Center, 43 Conn. Sup. 414, 427 (1994). The entry "must be physical . . . because it is the right of the owner in possession to exclusive possession that is protected by an action for trespass. . . ." Id. It is not sufficient that the plaintiffs claim this defendant had the means, motive, and financial incentive to assist one or both of the male co-defendants absent evidence of his participation. What is here alleged is not a criminal conspiracy and, though plaintiffs in their brief argue a joint enterprise, the complaint does not do so. Nor does the evidence support such a claim in the absence of any testimony the logging operation was in fact a "common undertaking" in which this defendant actively participated. SeeAdkins v. Lee, 23 Conn. Sup. 1, 2 (1961).
Each of the remaining counts of this complaint arises out of the trespass count. If Mr. Angelovich cannot be found liable in trespass, he cannot be liable for damages for destruction of the plaintiffs' property, is not appropriately the subject of injunctive relief, and cannot be held responsible under the Connecticut Unfair Trade Practices Act.
CONCLUSION:
CT Page 15057
The motion for summary judgment is granted in its entirety.
By the Court
Sheedy, J.