VALDENOR DEALMEIDA *v.* M.C.M. STAMPING CORPORATION ET AL.
(10977)

LANDAU, HEIMAN and FREEDMAN, Js.

Argued September 24—decision released November 10, 1992

*David A. Kelly,* with whom was *Jennifer Hoch,* for the appellants (defendants).

*William R. Jones,* for the appellee (plaintiff).

HEIMAN, J. The defendants appeal from a decision of the compensation review division (review division) of the workers' compensation commission. The review division affirmed the finding and award of the workers' compensation commissioner (commissioner) as well as his denial of the defendants' motion to vacate. On appeal, the defendants assert that the review division incorrectly (1) affirmed the finding and award when the commissioner failed to hold an evidentiary hearing to require the plaintiff to establish the causation of the plaintiff's injuries and (2) affirmed the commis-

sioner's denial of the defendants' motion to vacate when the plaintiff's notice of claim failed to include a warning about the preclusive effect of General Statutes § 31-297 (b). We affirm the decision of the review division.

The facts necessary to the resolution of this appeal may be summarized as follows. The plaintiff, Valdenor DeAlmeida, had been employed by the defendant M.C.M. Stamping Corporation at its plant in Danbury from February 10, 1986, until February 10, 1988.

On January 26, 1988, the plaintiff went to the Danbury Hospital complaining of back pain. He was given medication and thereafter attempted to return to work. On February 10, 1988, the plaintiff left work because of the pain associated with his back.

On April 1, 1988, the defendants attempted to give notice of their intention to contest liability for compensation, but failed to comply with the requirements of General Statutes § 31-321 in that the notice was mailed by ordinary and not by certified or registered mail as mandated by the statute.[1] On September 9, 1988, the plaintiff's employer received, by certified mail, a notice of claim for compensation, setting forth that the plaintiff had sustained injuries from February 10, 1986, until January 26, 1988, in the nature of low back strain syndrome and degenerative disc disease at L5-S1. The defendants failed to file a notice of contest served in the manner mandated by § 31-321 within the time limitation for the service of such notice mandated by Gen-

---

[1] General Statutes § 31-321 provides in pertinent part: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at his last-known residence or place of business. . . ."

eral Statutes (Rev. to 1987) § 31-297 (b).[2] The plaintiff filed a motion to preclude the defendants from contesting either the plaintiff's right to receive compensation on any ground or the extent of his disability, based on the defendants' failure to comply with the time constraints of § 31-297 (b) and their additional failure to comply with the service requirements of § 31-321. After a formal hearing on the motion to preclude, the commissioner entered an order dated March 15, 1989, granting the motion to preclude and ordering the defendants to pay to the plaintiff the "benefits under Chapter 568, C.G.S., to which he now is and may hereafter become entitled."

On August 14, 1990, the commissioner filed his finding and award, taking administrative notice of his prior order granting the plaintiff's motion to preclude. The commissioner also took administrative notice that the defendants had appealed from his order granting the plaintiff's motion for preclusion and that the appeal had been voluntarily withdrawn. The defendants claimed before the commissioner that the preclusion afforded pursuant to General Statutes § 31-297 (b) was not absolute, but rather still required the plaintiff to establish that a "causal relationship to the injury alleged of the sequelae claimed and . . . [that] those sequelae" exist. The plaintiff asserted that the preclusion was absolute and that the prohibitions in § 31-297 (b) must be read literally. He asserted that once preclusion is ordered,

---

[2] General Statutes (Rev. to 1987) § 31-297 (b), as it existed on the date of the alleged injury, provided in pertinent part: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice . . . . If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability."

the defendants had "no right to question the causal relationship of the sequelae claimed by him to the injury for which it had been conclusively presumed to have accepted responsibility."

The commissioner held that since a motion to preclude had been granted and an appeal from that order had been voluntarily withdrawn, the language of the statute must be given its plain meaning and the defendants "now have no right to contest the [plaintiff's] right to receive compensation on any grounds or the extent of his disability resulting from the alleged back injury, compensability of which has been conclusively presumed to have been accepted . . . ."

After the commissioner denied the defendants' motion to correct, the defendants appealed to the review division, claiming, inter alia, that No. 90-116, § 9, of the 1990 Public Acts modifies the provisions of General Statutes § 31-297 (b). This section provides that the employer shall not be conclusively presumed to have accepted compensability when the written notice of claim fails to include a warning that the employer shall be precluded from contesting liability unless a notice contesting liability is filed within the time limits set forth in the statute. The defendants claimed that that statute is procedural in nature and should be applied retroactively. The defendants also claimed that the finding and award of the commissioner was incorrect because the commissioner failed to hold an evidentiary hearing to establish the existence of causation. The compensation review division rejected both of the defendants' claims and this appeal followed. We affirm the decision of the review division.

I

The defendants first claim that the review division incorrectly affirmed the finding and award of the commissioner when there had not been an evidentiary

hearing held before the commissioner to establish causation. The defendants posit that despite the absolute preclusion language contained in General Statutes § 31-297 (b), it may, nonetheless, challenge the subject matter jurisdiction of the commissioner. It further argues that subject matter jurisdiction requires proof, not only of the employment relationship between the parties, but also proof that the injury arose out of and in the course of employment. Thus, the defendants' argument is that the issue of causation is a jurisdictional fact not established by preclusion under the statute. We do not agree.

The workers' compensation statutes provide a vehicle to " 'compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer.' " *Cleveland* v. *U.S. Printing Ink, Inc.,* 218 Conn. 181, 193, 588 A.2d 194 (1991), quoting *Jett* v. *Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979); *Pagani* v. *BT II, Limited Partnership,* 24 Conn. App. 739, 743, 592 A.2d 397, cert. dismissed, 220 Conn. 902, 593 A.2d 968 (1991). These statutes "compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation." *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 97, 491 A.2d 368 (1985); *Pagani* v. *BT II, Limited Partnership,* supra, 744. Thus, in order to meet the legislative purpose of creating a quick vehicle for the recovery by the claimant for work related injuries, time constraints as mandated by the statute are a critical method of ensuring that the purpose of the statute will be fulfilled. See *Perille* v. *Raybestos-Manhattan-Europe, Inc.,* 196 Conn. 529, 540, 494 A.2d 555 (1985); *Pelletier* v. *Caron Pipe Jacking, Inc.,* 13 Conn. App. 276, 281, 535 A.2d 1321, cert. denied, 207 Conn. 805, 540 A.2d 393 (1988).

The jurisdiction of workers' compensation commissioners is " 'confined by the Act and limited by its provisions.' " *Castro* v. *Viera,* 207 Conn. 420, 426, 541 A.2d 1216 (1988), quoting *Gagnon* v. *United Aircraft Corporation,* 159 Conn. 302, 305, 268 A.2d 660 (1970); *Tufaro* v. *Pepperidge Farm, Inc.,* 24 Conn. App. 234, 236, 587 A.2d 1044 (1991). Administrative agencies, including the workers' compensation commission, constitute tribunals of limited jurisdiction and their jurisdiction is limited to the express grant of power ceded to them by the legislature. *Castro* v. *Viera,* supra, 428. Thus, where the question of the existence of subject matter jurisdiction is raised, it must be considered and decided by the commissioner. Id., 430. The issue of whether the commissioner has subject matter jurisdiction is not barred by the conclusive presumption of General Statutes § 31-297 (b), where the issue of subject matter jurisdiction has been clearly raised. Id.

The workers' compensation commissioner has subject matter jurisdiction when he finds as a fact that a contract of employment exists between the employer and employee. Id., 426, 433. The employer-employee relationship is "threshold to the rights and benefits under the act; a claimant or his representative who is not an employee has no right under this statute to claim for and be awarded benefits. The act is not triggered by a claimant until he brings himself within its statutory ambit." Id., 433. The relationship of employer and employee is a "jurisdictional fact to be proven in this case to bring the plaintiffs within the class that the legislature obviously intended be covered." Id. Here, the commissioner made the requisite jurisdictional finding, not attacked by the defendant, that the relationship of employer and employee existed between the plaintiff and the defendant. This conferred subject matter jurisdiction on the commissioner. See id.

The concept of subject matter jurisdiction as including the issue of causation finds no support in either statutory or case law. To adopt the construction of the statute that would exclude the issue of causation from those matters subject to the doctrine of preclusion would be effectively to disregard our duty to interpret statutory enactments in such a manner as to effectuate their manifest purpose or objective. See *Manaker* v. *Manaker,* 11 Conn. App. 653, 661, 528 A.2d 1170 (1987). The language of § 31-297 (b) is absolute in its terms. "If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be *conclusively presumed* to have accepted the compensability of such alleged injury . . . and shall have no right thereafter to contest the *employee's right to receive compensation on any grounds or the extent of his disability."* (Emphasis added.) General Statutes § 31-297 (b). We are obligated to interpret the legislative meaning inherent in the statutory enactment. *Winchester Woods Associates* v. *Planning & Zoning Commission,* 219 Conn. 303, 310, 592 A.2d 953 (1991). Where the language used in a statutory enactment is clear and unambiguous, we "assume that the words themselves express the legislature's intent and there is no need to look further for interpretative guidance." Id. "We are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained." *Local 218 Steamfitters Welfare Fund* v. *Cobra Pipe Supply & Coil Co.,* 207 Conn. 639, 645, 541 A.2d 869 (1988), quoting *Schurman* v. *Schurman,* 188 Conn. 268, 273, 449 A.2d 169 (1982). We will not read into "clearly expressed legislation provisions which do not find expression in its words." *Local 218 Steamfitters Welfare Fund* v. *Cobra Pipe Supply & Coil Co.,* supra. The manifest purpose of the preclusion statute is to ensure that employers investigate claims promptly

and that employees be timely advised of the specific reason for the denial of their claim. *Castro* v. *Viera,* supra, 431. Extending the exception beyond that of subject matter jurisdiction would be at variance with the legislative intent. See id.

The case law in this area is also clear. While the issue of the requisite contract of employment is not barred by the conclusive presumption under § 31-297 (b); id., 430; the right to contest liability is, however, subject to the preclusive action of the commissioner where the defendant fails to file the requisite notice to contest liability within the time limited by statute. *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 113–14, 411 A.2d 924 (1979); *LaVogue* v. *Cincinnati, Inc.,* 9 Conn. App. 91, 93, 516 A.2d 151, cert. denied, 201 Conn. 814, 518 A.2d 72 (1986); *Bush* v. *Quality Bakers of America,* 2 Conn. App. 363, 372–74, 489 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984). Statutory and case law both demonstrate that the employer is precluded from asserting that an injury did not arise out of and in the course of employment if it fails to contest liability. *Adzima* v. *UAC/Norden Division,* supra; *LaVogue* v. *Cincinnati, Inc.,* supra; *Bush* v. *Quality Bakers of America,* supra.

We conclude that the issue of causation does not affect the subject matter jurisdiction of the commissioner. The review division correctly determined that where a motion for preclusion has been granted, the issue of causation is subject to it and is, thus, conclusively presumed.

II

The defendants next assert that the review division acted improperly in failing to give retroactive effect to an amendment to General Statutes § 31-297 (b) con-

tained in No. 90-116, § 9, of the 1990 Public Acts.[3] The defendants claim that the amendment is procedural not substantive, and, thus, the review division incorrectly failed to give it retroactive effect. We do not agree.

It is undisputed that the notice of claim given by the plaintiff to the defendants did not contain language required by the provisions of No. 90-116, § 9, of the 1990 Public Acts. It is also undisputed that the effective date of the amendment was October 1, 1990, two years after the notice of claim was issued by the plaintiff. It is clear that the notice given by the plaintiff to the defendants complied with the provisions of § 31-297 (b) as it existed at the time of the injury and on the date of notice.

Our Supreme Court has consistently expressed reluctance to "construe statutes retroactively where the statutes affect substantial changes in the law, unless the legislative intent clearly and unequivocally appears otherwise." *State* v. *Lizotte,* 200 Conn. 734, 741, 517 A.2d 610 (1986); *Rudewicz* v. *Gagne,* 22 Conn. App. 285, 288, 582 A.2d 463 (1990). Procedural statutes generally will be applied retroactively absent contrary legislative intent. *State* v. *Lizotte,* supra; *Rudewicz* v. *Gagne,* supra. This rule, however, is not purely mechanical in its application. *State* v. *Lizotte,* supra. Absent an express legislative intent, a statute will not be applied retroactively, even if it is procedural, when "considerations of good sense and justice dictate that it not be so applied." (Citations omitted; internal quotation marks omitted.) *American Masons' Supply Co.* v. *F. W.*

---

[3] No. 90-116, § 9, of Public Acts 1990 provides in pertinent part that "the employer shall not be conclusively presumed to have accepted compensability when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that the employer shall be precluded from contesting liability unless a notice contesting liability is filed within the time period set forth in this section."

*Brown Co.,* 174 Conn. 219, 223, 384 A.2d 378 (1978). "These aids to legislative interpretation apply with equal force to amendatory acts which effectuate changes in existing statutes." Id.

Here, the amendment would effectuate a change in the substantial vested rights enjoyed by the plaintiff and would effectively deprive him of his right of action. If the amendment were applied retroactively, the plaintiff, by virtue of failing to have performed an act not commanded by the statute at the time of his injury or on the date of his claim, would be deprived of the benefit of preclusion to which he was entitled on both the date of his injury and the date on which he gave notice. Thus, the amendment actually brings about a change in the substantive rights enjoyed by the plaintiff at the time of his injury. Id., 223. No. 90-116, § 9, of the 1990 Public Acts contains no clear legislative mandate that it is to be applied retroactively. Absent a clear legislative mandate, it defies common sense, justice and fair play to apply this amendment retroactively, and we decline to do so. See *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 96, 249 A.2d 58 (1968); *Rudewicz* v. *Gagne,* supra.

Our Supreme Court has also made it abundantly clear that workers' compensation legislation affecting rights and obligations between the parties would apply only to those injured after the adoption of the legislation and not those previously injured. *Iacomacci* v. *Trumbull,* 209 Conn. 219, 222, 550 A.2d 640 (1988). The General Assembly is presumed to be aware of the decisional law of our courts, and thus if the legislature "intends for legislation to change the interpretation of a judicially created concept [here, the date of injury rule], it must make that intent specific. . . ." (Citation omitted; internal quotation marks omitted.) Id., 223. The legislation in no way shows that the legislature wanted to depart from the date of injury rule. We thus con-

clude that the legislature intended that the amendment apply only prospectively from its effective date. Id., 224.

The review division correctly found that No. 90-116, § 9, of the 1990 Public Acts was not to be applied retroactively.

The decision of the review division is affirmed.

In this opinion the other judges concurred.