VIDAL GAMEZ-REYES *v.* DONALD F.
BIAGI, JR., ET AL.
(AC 33459)

Lavine, Alvord and Espinosa, Js.

Argued March 19—officially released June 12, 2012

*John J. Morgan,* with whom, on the brief, was *Albert J. Barr,* for the appellant (named defendant).

*Robert F. Carter,* for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant Donald F. Biagi, Jr.,[1] appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) awarding benefits to the plaintiff, Vidal Gamez-Reyes. The defendant's main contention is that, pursuant to General Statutes § 31-275 (1) (C),[2] the commissioner is deprived of subject matter jurisdiction over a claim unless the claimant first proves a lack of intoxication. The board expressly rejected the defendant's subject matter jurisdiction argument. We agree with the board and hold that intoxication remains, as it has been for nearly 100 years, an affirmative defense with the burden of proof resting on the employer pursuant to General Statutes § 31-284 (a).[3] Injuries caused by the employee's

---

[1] The defendant Second Injury Fund did not appeal the decision of the board and we therefore refer to Biagi as the defendant throughout this opinion.

[2] General Statutes § 31-275 (1) (C) provides: "In the case of an accidental injury, a disability or a death due to the use of alcohol or narcotic drugs shall not be construed to be a compensable injury . . . ."

[3] General Statutes § 31-284 (a) provides: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section

intoxication, as proved by the employer, are not compensable pursuant to § 31-275 (1) (C). The defendant also appeals from the decision of the board awarding interpreter's fees to the plaintiff.[4] We remand this matter to the board solely for articulation on the issue of interpreter's fees, and we affirm the decision of the board in all other respects.

The plaintiff filed a form 30C[5] notice of claim for compensation with the commission on August 10, 2009, regarding an injury sustained while working for the defendant on July 25, 2009. On August 21, 2009, the defendant filed a form 43[6] notice to compensation commissioner and employee of intention to contest employee's right to compensation benefits. On the form 43,

shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

[4] The defendant also argues that the commissioner improperly sanctioned him for unreasonably contesting the plaintiff's claim. The plaintiff counters that the defendant abandoned this claim. We agree with the plaintiff. Although the defendant appealed the issue of sanctions to the board initially, the board remanded that issue to the commissioner "to specifically enumerate the facts on the record which constitute 'fault or neglect' by the [defendant] pursuant to [General Statutes] § 31-288 (b) (1)." In a memorandum of decision dated May 20, 2011, the commissioner detailed the facts on record which constituted delay in payment of compensation to the plaintiff due to the " 'fault or neglect' " of the defendant pursuant to § 31-288 (b) (1). We take judicial notice of a letter sent by the defendant to the board on November 17, 2011, withdrawing the appeal of the commissioner's award of sanctions on remand. We, therefore, consider the issue abandoned and we decline to address it.

We also decline to address the defendant's argument that the interpreter who translated for the plaintiff before the commissioner was not qualified. The defendant failed to raise this argument before the commissioner.

[5] "A form 30C is the document prescribed by the workers' compensation commission to be used when filing a notice of claim pursuant to the Workers' Compensation Act, General Statutes § 31-275 et seq." *Mehan* v. *Stamford*, 127 Conn. App. 619, 622 n.4, 15 A.3d 1122, cert. denied, 301 Conn. 911, 19 A.3d 180 (2011).

[6] "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation. If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability

the defendant typed "Alleged" next to the words "Employer" and "Date of Injury." In the "Reason for Contest" portion of the form, the defendant stated: "[The plaintiff] was not an employee at the time of the accident." Due to the defendant's filing of a form 43, a formal hearing was held on April 19, 2010, before the commissioner of the seventh district, Michelle D. Truglia. The Second Injury Fund also appeared because the defendant failed to carry workers' compensation insurance.

At the formal hearing, the plaintiff and his second cousin and coworker, Umberto Reyes, testified on behalf of the plaintiff. The plaintiff required an interpreter, Saul Sibirsky, to translate his testimony because his native language is Spanish. The defendant called one witness, John Whitney, a general contractor who sometimes worked with the defendant and who had been present at the defendant's job site on the day of the accident. The Second Injury Fund called its own investigator and the defendant to testify. On the basis of the evidence presented at the hearing, the commissioner found the following facts in her memorandum of decision dated April 21, 2010.

The defendant employed the plaintiff in his landscaping business for the 2008 and 2009 seasons. The plaintiff typically worked Monday through Saturday from 7:30 a.m. until 4 p.m. earning $700 per week, which the defendant paid him in cash. The defendant negotiated contracts with homeowners for landscaping services. The plaintiff used tools and materials supplied by the defendant, wore a shirt bearing the name of the defendant's landscaping company and drove the defendant's business truck to and from each job site. The defendant dictated the plaintiff's hours and pay rate. The defendant never provided the plaintiff with a W-2 form, and

of his claim." *Mehan* v. *Stamford*, 127 Conn. App. 619, 623 n.6, 15 A.3d 1122, cert. denied, 301 Conn. 911, 19 A.3d 180 (2011).

the plaintiff never paid income taxes on his wages. The defendant acknowledged that he paid the plaintiff in cash, that he took no payroll taxes out of the plaintiff's pay and that he failed to carry workers' compensation insurance.

On July 25, 2009, at approximately 3:45 p.m., the plaintiff was standing on the top rung of a fifteen foot ladder in order to prune a tall tree at the defendant's job site. The ladder rested on uneven ground and began to tip to one side. Reyes, who had been holding the ladder in place, was unable to stabilize it, and the plaintiff fell to the ground, landing on his back. After the plaintiff fell, Reyes called the defendant, who told the men to wait for him to arrive at the job site. The defendant did not arrive at the job site for approximately two and one-half hours, at which point he told the plaintiff that he should go home, but the plaintiff demanded to go to the hospital. The defendant then took the plaintiff to Greenwich Hospital.

The plaintiff overheard the defendant informing hospital personnel that the defendant had picked up the plaintiff on the street and that the plaintiff did not work for him. The defendant then left the plaintiff at the hospital by himself. The plaintiff was forced to undergo two surgeries to his back and has been unable to return to work since the date of the injury. The plaintiff also has incurred substantial medical bills due to his injuries.

The defendant's witness, Whitney, testified that he and the defendant drove to the job site at about 10:30 a.m. on July 25, 2009. While Whitney remained in the truck, the defendant went to speak to the plaintiff and Reyes. During this time, Whitney was approximately twenty-five to thirty-five feet away from the defendant and the plaintiff. Whitney testified that he saw the plaintiff drinking something from a brown paper bag, but

that he did not know what beverage was in the bag. He did not witness any actions by the plaintiff that would suggest that the plaintiff was intoxicated. Although the defendant corroborated Whitney's testimony that the two men went to the job site on the morning of the accident, the defendant denied seeing a beverage in the plaintiff's hand. The defendant also testified that he did not smell any odor of alcohol on the plaintiff and that he did not see any indicia of intoxication in the behavior of the plaintiff.

On the basis of her findings, the commissioner concluded that the plaintiff was an employee of the defendant on July 25, 2009, and that the plaintiff suffered compensable injuries while in the defendant's employ. The commissioner also determined that the defendant failed to comply with his statutory obligation to insure his workers' compensation liability on the date of the injury. Finally, the commissioner concluded that the defendant engaged in frivolous litigation by pursuing a formal hearing in which he presented no defense to the plaintiff's claim for compensation, but caused the plaintiff to require the services of an attorney and an interpreter.

The commissioner ordered the defendant to assume financial responsibility for the plaintiff's reasonable and necessary medical bills directly related to the injury and for all indemnity benefits. Regarding her conclusion that the defendant frivolously contested the claim, the commissioner ordered the defendant to pay a $1000 civil penalty for violation of General Statutes § 31-288 (b) (1).[7] Finally, she ordered the defendant to pay the cost of the interpreter's services.

---

[7] General Statutes § 31-288 (b) (1) provides: "Whenever through the fault or neglect of an employer or insurer, the adjustment or payment of compensation due under this chapter is unduly delayed, such employer or insurer may be assessed by the commissioner hearing the claim a civil penalty of not more than one thousand dollars for each such case of delay, to be paid to the claimant."

On May 3, 2010, the defendant filed a "motion to open, motion for extension of time to file motion to correct, preliminary motion to correct, motion for extension of time to file reasons for appeal, motion to dismiss and demand for hearing." Primarily, the defendant argued that the plaintiff's claim should be dismissed because the commission lacked subject matter jurisdiction pursuant to § 31-275 (1) (C) to hear the claim due to the defendant's allegation that the plaintiff was intoxicated at the time of the accident. The defendant requested a second formal hearing to determine whether the plaintiff had an elevated blood alcohol level at the time of the accident.

The commissioner ruled on the defendant's motion on May 6, 2010. In her ruling, she denied the defendant's motion to open because the defendant failed to set forth sufficient reason to open the finding and award pursuant to General Statutes § 31-315.[8] The commissioner also denied the defendant's motion to dismiss. In doing so, she stated: "Intoxication is an affirmative defense to compensability and not, as the [defendant] asserts, a basis to challenge jurisdiction over the subject

[8] General Statutes § 31-315 provides: "Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter or any transfer of liability for a claim to the Second Injury Fund under the provisions of section 31-349 shall be subject to modification in accordance with the procedure for original determinations, upon the request of either party or, in the case of a transfer under section 31-349, upon request of the custodian of the Second Injury Fund, whenever it appears to the compensation commissioner, after notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement, award or transfer in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

matter." She further stated: "It is not within the purview of the [c]ommission to challenge the tactical decisions made by counsel in the presentation of a claim or a defense. In the present case, both [the defendant's] counsel and counsel for the Second Injury Fund were in possession of a toxicology report.[9] Either attorney could have introduced the report in defense to compensability. For whatever reason, neither introduced the report, instead relying upon the testimony of the [defendant] and a witness by the name of John Whitney. The undersigned trial commissioner did not find the testimony of intoxication persuasive."

The defendant then filed a motion to correct on June 14, 2010, alleging that the plaintiff "nearly hid damaging information in a vast amount of paper" and claiming that a "manifest error has been made" by the commissioner in failing to find that the plaintiff was intoxicated at the time of the accident. The defendant pointed to a single page of a blood chemistry report from Greenwich Hospital suggesting a potentially elevated ethanol serum level in the plaintiff's blood. The commissioner denied the defendant's motion to correct in a ruling dated June 15, 2010, repeating her earlier conclusion that the defendant's trial counsel and the attorney for the Second Injury Fund made tactical decisions not to focus on the blood chemistry report or to call an expert to interpret that report during the formal hearing. Following the commissioner's ruling on the motion to correct, the defendant filed a motion for reconsideration

[9] In the record, the report alternately is referred to as a blood chemistry report and a toxicology report. The record shows, however, that the report was part of a routine blood chemistry testing performed by Greenwich Hospital upon the plaintiff's arrival in the emergency department. It is titled "General Chemistry" and the report lists blood chemistry results for items such as calcium, sodium, glucose, carbon dioxide and potassium in addition to ethanol, serum. We therefore refer to the report as a blood chemistry report and not as a toxicology report.

on June 21, 2010, which motion the commissioner summarily denied on June 21, 2010.

On June 30, 2010, the defendant appealed the commissioner's decision to the board. In his reasons for appeal, the defendant listed the commissioner's: (1) refusal to review and consider the medical evidence submitted en masse; (2) mischaracterization of the evidence; (3) refusal to consider the blood chemistry report and statements made by the plaintiff to his doctor; (4) refusal to address the plaintiff's alleged intoxication, which implicated the commission's subject matter jurisdiction; (5) improper ordering of the defendant to pay sanctions; and (6) improper awarding of interpreter's fees to the plaintiff.

On May 3, 2011, the board issued its decision dismissing the defendant's appeal, stating: "[W]e conclude [that] the [defendant] seeks solely to relitigate this matter after receiving an unfavorable result at the trial level." On the sole issue of the imposition of sanctions, the board remanded the matter to the commissioner to specifically enumerate the facts on the record constituting " 'fault or neglect' " by the defendant pursuant to § 31-288 (b) (1).[10] In affirming the decision of the commissioner, the board pointedly rejected the defendant's

[10] On remand, the commissioner issued a memorandum of decision, dated May 20, 2011, enumerating the facts on the record supporting the defendant's delay in payment of compensation to the plaintiff due to his "fault or neglect" and justifying the $1000 sanction against the defendant. The commissioner found that: "(1) The [defendant] never denied the existence of an employer/employee relationship prior to or during the formal proceedings, but nonetheless, continued to deny the [plaintiff's] claim, forcing him to pursue a formal hearing. (2) The [plaintiff] is not fluent in English and was compelled to hire a foreign language interpreter to put on his case. The [defendant] offered no viable defense to the [plaintiff's] claim, nor did he take the stand to controvert the [plaintiff's] testimony. (3) Despite the absence of a defense to the [plaintiff's] case, the [defendant] continued to maintain a denial of the claim and continued to refuse to pay out on the claim, thereby necessitating the involvement of the Second Injury Fund and the delays associated therewith. (4) While the [defendant] was able to avoid taking the stand in his own defense, he was subsequently called to the stand by the Second

argument that intoxication is a subject matter jurisdictional bar to compensability under § 31-275 (1) (C). The board stated: "We reject this argument for two reasons. First, we find not a scintilla of legal precedent supportive of the [defendant's] legal theories. Second, on a factual basis, the sole objective piece of evidence [he seeks] to admit simply does not prove the [plaintiff] was intoxicated." This appeal followed.

I

The defendant argues that the commissioner lacked subject matter jurisdiction to hear the plaintiff's claim pursuant to § 31-275 (1) (C) because of alleged objective medical evidence that the plaintiff was intoxicated when he arrived at the hospital after the accident. The defendant argues that injuries sustained while the plaintiff was intoxicated are not compensable injuries under the Workers' Compensation Act (act), General Statutes § 31-275 et seq., and that, therefore, the burden was on the plaintiff to establish a lack of intoxication prior to the commissioner having jurisdiction over the claim. The defendant attempts to distinguish a claim of intoxication pursuant to § 31-275 (1) (C) from the well established affirmative defense of intoxication pursuant to § 31-284. We disagree with the defendant.

A

As a threshold matter, we address the defendant's subject matter jurisdiction argument. "In speaking of a court in general, we have said . . . [j]urisdiction of the subject-matter is the power [of the court] to hear and

Injury Fund, in defense of its § 31-355 obligations. The [defendant] testified consistent with the [plaintiff's] testimony and offered no evidence to refute the claim." The commissioner concluded that "[t]he [defendant's] conduct in this matter can only be interpreted as an intentional effort to delay the [defendant's] obligation to pay and, therefore, the [plaintiff's] right to receive, compensation under the [Workers' Compensation Act]." The [defendant] did not file a motion to correct the commissioner's findings on remand and, as previously noted, he withdrew his appeal of the remand decision.

determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. . . . This concept, however, is not limited to courts. Administrative agencies are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves." (Citations omitted; internal quotation marks omitted.) *Castro* v. *Viera*, 207 Conn. 420, 427–28, 541 A.2d 1216 (1988).

"The primary statutory provision establishing the subject matter jurisdiction of the commissioner is General Statutes . . . § 31-278. [That statute] provides in relevant part that each commissioner shall have all powers necessary to enable him to perform the duties imposed upon him by the provisions of [the act]. . . . [Each commissioner] shall have jurisdiction of all claims and questions arising . . . under [the act] . . . ." (Internal quotation marks omitted.) *Del Toro* v. *Stamford*, 270 Conn. 532, 540–41, 853 A.2d 95 (2004).

The jurisdiction of the commissioner "is confined by the [a]ct and limited by its provisions. Unless the [a]ct gives the [c]ommissioner the right to take jurisdiction over a claim, it cannot be conferred upon [the commissioner] by the parties either by agreement, waiver or conduct." (Internal quotation marks omitted.) *Castro* v. *Viera*, supra, 207 Conn. 426. A party in a workers' compensation dispute may raise subject matter jurisdictional claims at any time during the original proceedings or on direct appeals from those proceedings. *Jones* v. *Redding*, 296 Conn. 352, 371, 995 A.2d 51 (2010). "[B]ecause [a] determination regarding . . . subject matter jurisdiction is a question of law, our review is

plenary." (Internal quotation marks omitted.) *Estate of Doe* v. *Dept. of Correction*, 268 Conn. 753, 757, 848 A.2d 378 (2004).

It is well established that the claimant has the burden of proving that he is an employee of the employer from whom he seeks compensation. *Castro* v. *Viera*, supra, 207 Conn. 434; *Bourgeois* v. *Cacciapuoti*, 138 Conn. 317, 321, 84 A.2d 122 (1951); *Morganelli* v. *Derby*, 105 Conn. 545, 551, 135 A. 911 (1927); *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn. App. 441, 447, 615 A.2d 1066 (1992). Moreover, the claimant must properly initiate a claim in the first instance under General Statutes § 31-294c. *Del Toro* v. *Stamford*, supra, 270 Conn. 544; *Estate of Doe* v. *Dept. of Correction*, supra, 268 Conn. 757. These are jurisdictional facts which the claimant has the burden of proving.[11] *Del Toro* v. *Stamford*, supra, 544. On the contrary, "[i]t is well settled that, in the context of a workers' compensation proceeding, issues of causation, such as whether an injury arose out of and in the course of employment, have not been held to be jurisdictional facts." Id.; see also *DeAlmeida* v. *M.C.M. Stamping Corp.*, supra, 449.

Throughout the history of the act, which was adopted in 1913; *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 538–40, 494 A.2d 555 (1985); no reported case has ever held that the issue of whether a worker is intoxicated is a jurisdictional fact. An allegation of intoxication always has been held to raise an affirmative defense on which the employer bears the burden of proof. See, e.g., *Liptak* v. *State*, 176 Conn. 320, 322, 407

---

[11] "A jurisdictional fact is a fact that will permit a court to find jurisdiction. . . . Specifically, with regard to subject matter jurisdiction, jurisdictional facts are [f]acts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court . . . ." (Citation omitted; internal quotation marks omitted.) *Del Toro* v. *Stamford*, supra, 270 Conn. 543 n.9. An employer may always contest the existence of jurisdictional facts. Id., 543.

A.2d 980 (1978). Additionally, our Supreme Court has held that "[t]he employer asserting such a defense must show not only the misconduct itself but also that the injury was caused by the misconduct." Id. Intoxication, thus, always has been considered to be a matter of fact bearing on the issue of causation. Id., 323.

In making his novel argument that intoxication is a jurisdictional fact to be proved by the claimant pursuant to § 31-275 (1) (C), the defendant relies on our Supreme Court's decision in *Del Toro* v. *Stamford*, supra, 270 Conn. 532. We do not agree that *Del Toro* supplies the underpinning for a determination that intoxication is a jurisdictional fact.

The plaintiff in *Del Toro* was a police officer who had suffered post-traumatic stress disorder (PTSD) after being involved in an on-duty shooting resulting in the death of a civilian. Id., 536. After filing his workers' compensation claim based on psychological stress related to his PTSD, the defendant city and its workers' compensation provider failed to contest the plaintiff's claim within the statutory time frame, establishing a conclusive presumption of liability. The defendants then proceeded to contest the plaintiff's claim after the statutory deadline, arguing that the compensability of a type of injury pursuant to § 31-275 (16) (B) (ii)[12] implicates the commissioner's subject matter jurisdiction. Id., 537. "Put another way, the defendants contend that, if the commissioner does not have the authority to award benefits for the particular type of injury claimed by the plaintiff . . . he is therefore without jurisdiction to entertain the plaintiff's claim." (Citation omitted.) Id., 539. The plaintiff argued that the issue of whether

---

[12] General Statutes (Rev. to 2003) § 31-275 (16) (B) provides in relevant part: " 'Personal injury' or 'injury' shall not be construed to include . . . (ii) A mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease . . . ."

a particular injury is compensable under the act is not jurisdictional in nature. Id.

The workers' compensation statute had previously allowed for compensation based on "mental or emotional impairments" such as the plaintiff's PTSD-based injury. The legislature, however, amended the statute in 1993 specifically to exclude such "mental or emotional impairment" injuries. After examining the statute as amended, our Supreme Court agreed with the defendants that the compensability of a type of injury implicates the "threshold question of whether an entire category of claims falls under the scope of the act." *Del Toro* v. *Stamford*, supra, 270 Conn. 544–45. In making this determination, the court noted that the commissioner is only authorized to award compensation for *personal injuries* which the court determined could not include the mental or emotional impairment claimed by the plaintiff. Id., 545–47. Our Supreme Court stated: "[I]f a claimed injury is not a personal injury under the act—that is, it did not arise from an occupational disease, accidental injury or repetitive trauma—then the commissioner does not have jurisdiction over the claim." (Internal quotation marks omitted.) Id., 546. The court then determined that the plaintiff's PTSD was not a personal injury. Id., 546–47.

The present case does not fit within the framework of *Del Toro*. The defendant argues that, due to legislative changes to the act in 1993, which changes were discussed and applied by our Supreme Court in *Del Toro*, the legislature intended that intoxication should be considered a jurisdictional fact, the proof of which would deprive the commissioner of subject matter jurisdiction over a claim. The defendant argues that the legislative changes in 1993 were designed to limit the number of awards[13] and that, by including § 31-275 (1) (C), the

---

[13] The defendant is correct that our Supreme Court was concerned with the intent of the legislature to "reduce costs and promote efficiency in workers' compensation proceedings" when it interpreted § 31-275 (16) (B)

legislature intended for intoxication to act as a jurisdictional bar. He argues that because the same statutory scheme is at issue here as was at issue in *Del Toro*, we are constrained by that decision to conclude that intoxication, like type of injury, implicates subject matter jurisdiction. We disagree that the amendments require us to conclude that intoxication is a jurisdictional fact.

The defendant ignores the fact that unlike General Statutes (Rev. to 1993) § 31-275 (16), the legislature did not dramatically amend General Statutes (Rev. to 1993) § 31-275 (1) (C) in 1993. Rather than adding extensive language barring an entire class of injuries to create § 31-275 (16) (B) (ii),[14] the legislature simply removed

(ii) in *Del Toro*. *Del Toro* v. *Stamford*, supra, 270 Conn. 547. The court stated: "Specifically, § 31-275 (16) (B) (ii) was amended in 1993 to reflect a more restrictive definition of the term personal injury. This amendment was part of a comprehensive scheme to reform the act. . . . We have noted previously that the principal thrust of these reforms was to cut costs in order to address the spiraling expenses required to maintain the system. . . . Moreover, we note that, [a]lthough the [act] should be broadly construed to accomplish its humanitarian purpose . . . its remedial purpose cannot transcend its statutorily defined jurisdictional boundaries." (Citations omitted; internal quotation marks omitted.) Id.

[14] General Statutes (Rev. to 1993) § 31-275 (16) provides: " 'Personal injury' or 'injury' includes, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease."

In 1995, the 1993 legislative changes were implemented. As amended by No. 93-228, §§ 1, 35, of the 1993 Public Acts, General Statutes (Rev. to 1995) § 31-275 (16) provides:

"(A) 'Personal injury' or 'injury' includes, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease.

"(B) 'Personal injury' or 'injury' shall not be construed to include:

"(i) An injury to an employee which results from his voluntary participation in any activity the major purpose of which is social or recreational, including, but not limited to, athletic events, parties and picnics, whether or not the employer pays some or all of the cost of such activity;

the word "habitual" from § 31-275 (1) (C). There is no basis for a determination by this court that the deletion of one word was intended to change what has been an affirmative defense for nearly 100 years into a subject matter jurisdictional bar to compensability or that the legislature intended to create a subject matter jurisdictional bar to claims separate and distinct from the affirmative defense outlined in § 31-284 (a).

"We are bound to interpret legislative intent by referring to what the legislative text contains, not what it might have contained. . . . We will not read into clearly expressed legislation provisions which do not find expression in its words." (Citations omitted; internal quotation marks omitted.) *DeAlmeida* v. *M.C.M. Stamping Corp.*, supra, 29 Conn. App. 448. "[W]e are [also] guided by the principle that the legislature is always presumed to have created a harmonious and consistent body of law . . . . [T]his tenet of statutory construction . . . requires us to read statutes together when they relate to the same subject matter . . . . Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction." (Internal quotation marks omitted.) *In re Jan Carlos D.*, 297 Conn. 16, 21–22, 997 A.2d 471 (2010).

The defendant concedes that § 31-284 (a) provides that intoxication of the employee is an affirmative defense of the employer. Nothing in the 1993 amendments leads this court to believe that the legislature intended that the two statutes regarding intoxication in workers' compensation claims would provide for

---

"(ii) A mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease; or

"(iii) A mental or emotional impairment which results from a personnel action, including, but not limited to, a transfer, promotion, demotion or termination."

both a subject matter jurisdictional bar, placing the burden on the claimant to establish lack of intoxication, and an affirmative defense, requiring the employer to prove intoxication. Indeed, such a result would be absurd and unworkable. See *Bysiewicz* v. *DiNardo*, 298 Conn. 748, 765, 6 A.3d 726 (2010).

Moreover, in *Del Toro*, our Supreme Court was careful to note that *issues of causation, even if cast as issues of compensability of a claim, are not jurisdictional in nature.*[15] It stated: "It is important to note that the issue in the present case does not concern the compensability of an individual claim, in terms of a particular employer's liability to its employee on the merits of a specific claim. A broad casting of the term 'compensability' encompasses issues of *causation*, which clearly do not implicate the subject matter jurisdiction of the commissioner. . . . Rather, in the present case, we are concerned with the compensability of a *type of injury* and whether the act authorizes the commissioner to award benefits for that type of injury in the first instance." (Citation omitted; emphasis in original.) *Del Toro* v. *Stamford*, supra, 270 Conn. 542 n.8. For the foregoing reasons, the well settled burden of proof to establish intoxication remains on the employer and must be proved as an affirmative defense.

B

The burden was therefore on the defendant in this case to establish the affirmative defense of the intoxication of the plaintiff. Additionally, it was the defendant's

---

[15] As we previously have noted, the issue of intoxication implicates factual matters bearing on causation that are not jurisdictional facts. Whereas, in *Del Toro*, the plaintiff's proof that he suffered the type of injury claimed could not have resulted in compensation, the present case is entirely different. Here, the plaintiff proved that he suffered a personal injury and he was therefore entitled to compensation. Even if, arguendo, the plaintiff was intoxicated, he still could be entitled to compensation if his intoxication was not the cause of his accident.

further burden to prove that the plaintiff's intoxication caused him to fall off of the ladder and to suffer his injuries. The defendant is correct that, had he met his burden of proof, pursuant to § 31-284 (a), that the plaintiff was intoxicated and that the injuries were caused by intoxication, then the injuries would not be compensable pursuant to § 31-275 (1) (C). The commissioner, however, found to the contrary. She stated: "The undersigned trial commissioner did not find the testimony of intoxication persuasive." The commissioner noted that, while the blood chemistry report was in the record, it was not presented by the defendant nor was it interpreted by an expert at the hearing as proof of intoxication.

Both the commissioner and the board concluded that the defendant was attempting to relitigate on the basis of evidence available at the time of the formal hearing. We agree. First, it was the defendant's burden to show that the blood chemistry report reflected an intoxicated status, but the defendant failed to meet that burden. Second, even if the defendant somehow showed that the blood chemistry report conclusively proved the plaintiff's intoxication, the defendant still had the burden to prove that the plaintiff's accident was caused by his intoxication. The commissioner concluded that neither of these prongs was met by the defendant when she determined that the plaintiff's injuries were compensable.

Our Supreme Court has stated: "[T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . The conclusions drawn by [her] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Citation omitted; internal quotation marks omitted.) *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539, 542 A.2d 1118 (1988). We already have concluded that the commissioner's decision did not

result from an incorrect application of the law to the subordinate facts and we now conclude that they did not result from an inference illegally or unreasonably drawn from them. Therefore, the commissioner's conclusions must stand.

II

The defendant also claims that the board improperly affirmed the commissioner's award of interpreter's fees to the plaintiff because costs and fees are not proper unless specifically enumerated in General Statutes § 31-298.[16] The board never addressed the defendant's argument regarding interpreter's fees in its decision. "Ordinarily, the proper judgment in such a situation is to remand the case in order that the [board] may decide the issue." *Alderman* v. *Hanover Ins. Group*, 155 Conn. 585, 590, 236 A.2d 462 (1967). We therefore remand this issue to the board for articulation.

---

[16] General Statutes § 31-298 provides: "Both parties may appear at any hearing, either in person or by attorney or other accredited representative, and no formal pleadings shall be required, beyond any informal notices that the commission approves. In all cases and hearings under the provisions of this chapter, the commissioner shall proceed, so far as possible, in accordance with the rules of equity. He shall not be bound by the ordinary common law or statutory rules of evidence or procedure, but shall make inquiry, through oral testimony, deposition testimony or written and printed records, in a manner that is best calculated to ascertain the substantial rights of the parties and carry out the provisions and intent of this chapter. No fees shall be charged to either party by the commissioner in connection with any hearing or other procedure, but the commissioner shall furnish at cost (1) certified copies of any testimony, award or other matter which may be of record in his office, and (2) duplicates of audio cassette recordings of any formal hearings. Witnesses subpoenaed by the commissioner shall be allowed the fees and traveling expenses that are allowed in civil actions, to be paid by the party in whose interest the witnesses are subpoenaed. When liability or extent of disability is contested by formal hearing before the commissioner, the claimant shall be entitled, if he prevails on final judgment, to payment for oral testimony or deposition testimony rendered on his behalf by a competent physician, surgeon or other medical provider, including the stenographic and videotape recording costs thereof, in connection with the claim, the commissioner to determine the reasonableness of such charges."

The case is remanded to the workers' compensation review board for articulation on the issue of interpreter's fees; the decision is affirmed in all other respects. We retain jurisdiction over this appeal.

In this opinion the other judges concurred.